# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON, Booking #15746252,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | Civil No.   15-cv-2789 WQH (KSC)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1)  FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO FILE A MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2)  FOR FAILING TO FILE A COMPLAINT THAT ALLEGES FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 3, FED. R. CIV. P. 8(a)(1)-(3) AND FED. R. CIV. P. 12(h)(3)** |

Sedric Eugene Johnson ("Plaintiff"), currently detained at the George Bailey Detention Facility in San Diego, California, and proceeding pro se, has filed a pleading with the Court on San Diego County Sheriff's Department inmate stationary, which while not altogether clear, appears to contain allegations of excessive force as well as "due process" violations related to the manner in which his correspondence,

while in San Diego County Sheriff's Department custody, has been "withheld, read, and misplaced." *See* Compl., ECF No. 1 at 1, 4. Plaintiff identifies no individual Sheriff's Department officials as Defendants.

Because Plaintiff is proceeding without counsel, the Court liberally construed his pleading as an attempt to commence a civil action, and assigned it Civil Case No. 3:15-cv-02789-WQH-KSC. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I.   FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and while he has submitted two subsequent documents which indicate he wishes to proceed IFP based on his "inability to provide the $400 filing fee," *see* ECF Nos. 5, 7, he has yet to file a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.   INITIAL REVIEW OF PLAINTIFF'S PLEADING

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED.R.CIV.P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED. R. CIV. P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, while it appears from Plaintiff's initial pleading, as well as from a letter and additional documents he submitted on January 4, 2016, and January 7, 2016 (ECF Nos. 5, 7), that he may *wish* to file a civil action challenging the confinement or the conditions under which he is currently being held, his initial pleading does not currently allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1343(a)(3). *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Thus, because Plaintiff's pleadings fail to allege federal jurisdiction or "state[] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), his action must be dismissed. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous,

malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

Because Plaintiff is proceeding without counsel, however, and his submissions indicate a desire to initiate a civil action pursuant to 42 U.S.C. § 1983, the Court will sua sponte grant him an opportunity to amend. As noted above, however, Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. "Each allegation [in a pleading] must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1).

In addition, Plaintiff is cautioned that if he files an Amended Complaint, it will be subject to an initial sua sponte screening and that it will be dismissed pursuant to 28 U.S.C. § 1915A(b) (because he is a prisoner) or 28 U.S.C. § 1915(e)(2) (if he files a motion to proceed IFP) for failing to state a claim unless it contains factual matter sufficient to plausibly show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to . . . § 1983 suits," he must also plead that each Government-official defendant he wishes to sue, "through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

/ / /

/ / /

### III. CONCLUSION AND ORDER

For the reasons explained above, the Court hereby:

(1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and his failure to file a Complaint which alleges federal subject matter jurisdiction pursuant to FED. R. CIV. P. 3, 8(a)(1)-(3), and 12(h)(3);

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: (a) prepaying the entire $400 civil filing fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint, *see* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); ***and*** (c) filing an Amended Complaint that conforms with Rule 8; and

(3) **DIRECTS** the Clerk of Court to provide Plaintiff with this Court's: 1) form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*" and its 2) form "Complaint under the Civil Rights Act pursuant to 42 U.S.C. § 1983" for Plaintiff's use and convenience. If Plaintiff chooses to proceed with a civil rights action pursuant to 42 U.S.C. § 1983, he must title his new pleading as his "First Amended Complaint," include Civil Case No. 15-cv-2789 WQH (KSC) in its caption, and otherwise comply with FED. R. CIV. P. 10(a), by *naming* each individual party he wishes to sue.[2]

///

---

[2] The Court has previously accepted several of Plaintiff's submissions for filing despite their failures to comply with the Court's Local Rules, in light of his pro se status. *See* ECF Nos. 2-7; *Karim-Panahi,* 839 F.2d at 623. Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, Plaintiff is hereby cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and any additional letter he submits in violation of Local Rule 83.9 may be rejected for filing in this case.

1  If Plaintiff fails to comply with these directions within the time provided, this
2 civil action will remain dismissed without prejudice for the reasons set forth in this
3 Order and without any further action by the Court.

4  **IT IS SO ORDERED**.

5 DATED: February 1, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge