UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON, CDCR #AZ-2648,<br><br>            Plaintiff,<br><br>    vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>            Defendants. | Case No.: 3:15-cv-2789-WQH-KSC<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

SEDRIC EUGENE JOHNSON ("Plaintiff"), currently incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, first initiated this civil action in December 2015, when he filed a pleading from George Bailey Detention Facility on San Diego Sheriff's Department stationary containing allegations of excessive force and interference with his mail by unidentified San Diego County Sheriff's Department officials (Doc. No. 1).

**I.    Procedural History**

On February 1, 2016, and in light of Plaintiff's pro se status, the Court liberally construed his pleading as an attempt to file a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 8 at 2. Because Plaintiff did not prepay the civil filing fee required

by 28 U.S.C. § 1914(a) or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), however, the Court dismissed the case. *See id.* at 5. In addition, the Court also found Plaintiff's pleading failed to comply with FED. R. CIV. P. 3, 8(a)(1)-(3) and 12(h)(3), but granted him 45 days leave in which to re-open his case by either paying the filing fee *or* filing an IFP motion *and* filing a First Amended Complaint that contained factual matter sufficient to show that "each Government-official defendant he wishe[d] to sue, 'through the official's own *individual* actions, ha[d] violated the Constitution.'" *Id.* at 2-4 (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

After he was granted two generous extension of time (Doc Nos. 11, 14), Plaintiff filed a Motion to Proceed to Proceed IFP and a First Amended Complaint (Doc. Nos. 15, 16), followed by several letters and miscellaneous documents which the Court directed the Clerk to file despite Local Rule 83.9, which prohibits ex parte communications with the Court (Doc. Nos. 17-20).

On July 26, 2016, the Court granted Plaintiff leave to proceed IFP, but sua sponte dismissed his First Amended Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (Doc. No. 21). The Court provided Plaintiff with a clear and detailed explanation of all his pleading deficiencies, and granted him "one more chance" to fix them. (*See* Doc. No. 21 at 6-11.) Plaintiff had 45 days, or until approximately September 9, 2016, to file his Second Amended Complaint, and he was warned if he failed to do so, his case would be dismissed without further leave to amend. (*Id.* at 12, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff has since continued to write letters in violation of Local Rule 83.9 (Doc. Nos. 23, 25, 27), which the Court has filed and considered despite having previously warned Plaintiff that they might be rejected or stricken. *See* Doc. No. 21 at 2 n.1 (citing

1  S.D. CAL. CIVLR 83.1.) Plaintiff's letters are barely legible and they make reference to
2  "judicial standards," the "California Rules of Professional Conduct," and the "Citizen's
3  Law Enforcement Review Board," but none of them mention any previously named
4  Defendant, or include any factual allegations to plausibly suggest Plaintiff filed them in
5  an effort to serve an as amended pleading in compliance with the Court's July 26, 2016
6  Order. *See* Doc. Nos. 23, 25, 27.

7  Even if the Court were to consider Plaintiff's letters to be his Second Amended
8  Complaint, they simply fail to contain any "short and plain statement of the claim
9  showing that [Plaintiff] is entitled to relief" as required by FED. R. CIV. P. 8(a)(2). *See*
10 *Iqbal*, 556 U.S. at 677-78. And while the Court "ha[]s an obligation where the petitioner
11 is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford
12 the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th
13 Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
14 "supply essential elements of claims" that have not been pled. *Ivey v. Board of Regents of*
15 *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

16 Therefore, the Court finds that because Plaintiff has had ample opportunity to
17 either file a Second Amended Complaint, or request an extension of time in which to do
18 so, but has failed to do either, his case must now be dismissed. *See Edwards v. Marin*
19 *Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to
20 respond to the court's ultimatum–either by amending the complaint or by indicating to
21 the court that it will not do so–is properly met with the sanction of a Rule 41(b)
22 dismissal.").

23 **II.   Conclusion and Order**

24 Good cause appearing, the Court **DISMISSES** this civil action in its entirety
25 without further leave to amend based on Plaintiff's failure to state a claim upon which
26 § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1),
27 and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the
28 Court's July 26, 2016 Order.

1  The Court further **CERTIFIES** that an IFP appeal would not be taken in good
2  faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk of Court to enter a
3  final judgment of dismissal and to close the file.
4  **IT IS SO ORDERED**.
5  Dated: October 28, 2016

*[signature]*
Hon. William Q. Hayes
United States District Court